# E-filing

## PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name ____ **AARON** _____ **MOICHEAL** _____ **ANTHONY** ____
      (Last)               (First)          (Initial)

Prisoner Number __ **C-80246** _____

Institutional Address ____ **SAN QUENTIN STATE PRISON** _____

___ **SAN QUENTIN, CA 94964** _____

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

# CV 07     6183     JF

**MICHAEL ANTHONY AARON** ____
Full Name of Petitioner

Case No.(To be provided by the
clerk of court)

**(PR)**

vs.

**ROBERT SILLEN, FEDERAL RECEIVER
CALIFORNIA PRISON HEALTHCARE
RECEIVERSHIP CORP** ____
(Warden or jailor)

PETITION FOR A WRIT OF HABEAS CORPUS

---

#### Read Comments Carefully Before Filling In

#### When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these
counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San
Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this
district if you are challenging the manner in which your sentence is being executed, such as loss of good
time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were <u>not</u> convicted and sentenced in
one of the above-named fifteen counties, your petition will likely be transferred to the United States
District Court for the district in which the state court that convicted and sentenced you is located. If you
are challenging the execution of your sentence and you are not in prison in one of these counties, your

petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

**THIS COURT HAS JURISDICTION OVER THIS MATTER .SEE ORDER OF THE COURT OF APPEAL STATE OF CALIFORNIA , FIRST APPELLATE DISTRICT DIVISION TWO IN In re Darryl lee goldstein case Number A-118925, dated  October 2, 2007**

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1.    What sentence are you challenging in this petition?

(a) Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

_____**N/A**_____          _____
                  Court                                                              Location

(b)    Case number, if known _____
(c)    Date and terms of sentence _____
(d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.) Yes ___  No ___

Where? _____
                  (Name of Institution)                              (Address)

2.    For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

_____**PETTITIONER IS SERVING A LIFE TERM , HOWEVER THIS**_____

_____**PETITION DOES NOT ATTACH HIS CRIMINIANL CONVICTION**_____

_____

_____

3.    Did you have any of the following?

Arraignment: Yes ✗ No ___  Preliminary Hearing: Yes ✗ No ___ Motion to Suppress: Yes ✗ No ___

3

4.  How did you plead?

Guilty _____    Not Guilty _X_____    Nolo Contendere _____

Any other plea (specify) _____

5.  If you went to trial, what kind of trial did you have?

Jury _X__    Judge alone _____    Judge alone on a transcript _____

6.  Did you testify at your trial?  Yes __ No _X_

7.  Did you have an attorney at the following proceedings:

(a)  Arraignment   Yes _X_        No __
(b)  Preliminary hearing        Yes .        No __
(c)  Time of plea   Yes _X_       No __
(d)  Trial   Yes _X_        No __
(e)  Sentencing   Yes _X_       No __
(f)  Appeal        Yes _X_    No
(g)  Other post-conviction proceeding    Yes ___        No _X_

8.  Did you appeal your conviction?   Yes __ No _X_

(a)  If you did, to what court(s) did you appeal?

| | | | | |
|---|---|---|---|---|
| Court of Appeal | Yes ___ | No ___ | _____ (Year) | _____ (Result) |
| Supreme Court of California | Yes ___ | No ___ | _____ (Year) | _____ (Result) |
| Any other court | Yes ___ | No ___ | _____ (Year) | _____ (Result) |

(b)  If you appealed, were the grounds the same as those that you are raising in this petition?        Yes __ No __

(c)  Was there an opinion?    Yes .  No .

(d)  Did you seek permission to file a late appeal under Rule 31(a)?
                Yes .        No .

4

If you did, give the name of the court and the result:

_____

9.    Other than appeals, have you previously filed any petitions, applications or motions with respect to this conviction in any court, state or federal?    Yes        No ⟋

Note: If you previously filed a petition for a writ of habeas corpus in federal court that challenged the same conviction you are challenging now and if that petition was denied or dismissed with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit for an order authorizing the district court to consider this petition. You may not file a second or subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28 U.S.C. § 2244(b).

(a)    If you sought relief in any proceeding other than an appeal, answer the following questions for each proceeding. Attach extra paper if you need more space.

I.    Name of **SUPERIOR COURT OF CALIFORNIA COUNTY OF MARIN**

Type of Proceeding **HABEAS CORPUS PROCEEDINGS**

Grounds raised (Be brief but specific):

a.    **DENIAL OF ADEQUATE MEDICAL CARE AND TREATMENT**

b. _____

c. _____

d. _____

Result **Pet. Denied No Jurisdiction**    Date of Result **10/24/07**

II.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____    Date of Result _____

III.    Name of Court _____

Type of Proceeding _____

Grounds raised (Be brief but specific):

a. _____

b. _____

c. _____

d. _____

Result _____ Date of Result _____

    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any

court?    Yes __ No __

_____

(Name and location of court)

## B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you need more space. Answer the same questions for each claim.

Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. § 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).

Claim One: __SEE ATTACHED MEMORANDUM OF POINTS AND AUTHORITI__
ES ATTACHED TO STATE XCOURT HABEAS CORPUS PET.

7

Supporting Facts: _____ **SEE ATTACHED IN FULL** _____

_____

_____

_____

Claim Two: _____

_____

Supporting Facts: _____

_____

_____

_____

Claim Three: _____

_____

Supporting Facts: _____

_____

_____

_____

If any of these grounds was not previously presented to any other court, state briefly which

grounds were not presented and why:

_____

_____

_____

List, by name and citation only, any cases that you think are close factually to yours so that they are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning of these cases:

**SEE ATTACHED POINTS AND AUTHORITIES**

Do you have an attorney for this petition?     Yes ___ No **x**

If you do, give the name and address of your attorney:

WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

Executed on __11-28-07__                _____
        Date                    Signature of Petitioner

( rev. 5/96)

9

MICHAEL ANTHONY AARON
C-80246 2 North 95  Lower
CSP, San Quentin
San Quentin, Ca
94964


Petitioner Pro Per


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


MICHAEL ANTHONY AARON

     Petitioner

    vs.

ROBERT SILLEN , FEDERAL RECEIVER
CALIFORNIA PRISON HEALTHCARE
RECEIVERSHIP ,CORP.

CASE NUMBER _____
PETITIONER'S REQUEST
FOR THE COURT TO TAKE
JUDICIAL NOTICE

FED.RULES OF EVID.
Rule 201


TO THE PRESIDING JUDGE OF THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


Pursuant  to Federal rules of Evidence rule 201, the
petitioner respectfully request that this court take Judicial
Notice of the Petition for Writ of Habeas corpus filed in the
Superior Court of California County of Marin, the Order Denying
the Petition, and the Order of the California Court of Appeal
First Appellate District Division Two.

Petitioner hereby incorporates by reference the
Memorandum of Points and Authorities attached to the above
mentioned petition.

Respectfully submitted

By _____                     Dated Nov, **28** , 2007
   Michael Anthony Aaron
2 Petitioner  ProPer

(2)

Name **MICHAEL ANTHONY ARRON , Sr.**

Address **CSP, SAN QUENTIN**

**SAN QUENTIN, CA 94964**

CDC or ID Number **C-80246**

**ORIGINAL** MC-275

**FILED**

OCT 19 2007

KIM TURNER
Court Executive Officer
**MARIN COUNTY SUPERIOR COURT**
*By: C. Tai, Deputy*

SUPERIOR COURT STATE OF CALIFORNIA

COUNTY OF MARIN
(Court)

**MICHAEL ANTHONY ARRON, Sr.**
Petitioner

vs.

**ROBERT L. AYERS ,jr. Warden**

Respondent

PETITION FOR WRIT OF HABEAS CORPUS

No. _SO 156130 A_

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.

- If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

PETITION FOR WRIT OF HABEAS CORPUS

Penal Code, § 1473 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

6. GROUNDS FOR RELIEF

Ground 1: State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(If you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

8. Did you appeal from the conviction, sentence, or commitment?    ☐ Yes. ☒ No.    If yes, give the following information:

a. Name of court ("Court of Appeal" or "Appellate Dept. of Superior Court"):

_____

b. Result _____    c. Date of decision: _____

d. Case number or citation of opinion, if known: _____

e. Issues raised: (1) _____

(2) _____

(3) _____

f. Were you represented by counsel on appeal?    ☐ Yes.    ☐ No. If yes, state the attorney's name and address, if known:

_____

9. Did you seek review in the California Supreme Court?    ☐ Yes ☒ No.    If yes, give the following information:

a. Result _____    b. Date of decision: _____

c. Case number or citation of opinion, if known: _____

d. Issues raised: (1) _____

(2) _____

(3) _____

10. If your petition makes a claim regarding your conviction, sentence, or commitment that you or your attorney did not make on appeal, explain why the claim was not made on appeal:

N/A

_____

11. Administrative Review:

a. If your petition concerns conditions of confinement or other claims for which there are administrative remedies, failure to exhaust administrative remedies may result in the denial of your petition, even if it is otherwise meritorious. (See *In re Muszalski* (1975) 52 Cal.App.3d 500 [125 Cal.Rptr. 286].) Explain what administrative review you sought or explain why you did not seek such review:

PETITIONER HAS APPEALED THROUGH THE DIRECTOR's LEVEL OF

REVIEW , PER CALIFORNIA CODE OF REGULATIONS Title 15 SECTION

3084.1.

_____

_____

_____

_____

_____

b. Did you seek the highest level of administrative review available? ☒ Yes. ☐ No.

*Attach documents that show you have exhausted your administrative remedies.*

MICHAEL ANTHONY ARRON, Jr.
C-80246 2 North 95 Lower
CSP, SAN QUENTIN San Quentin, Ca.
94964

Petitioner Pro Per



**ORIGINAL**

**FILED**

OCT 19 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: C. Tai, Deputy*

SUPERIOR COURT STATE OF CALIFORNIA
COUNTY OF MARIN

In re Michael Anthony Arron, Jr

On Habeas Corpus

Case Number SC 156130A
**PETITION FOR
WRIT OF HABEAS
CORPUS, MEMORANDUM
OF POINTS AND
AUTHORITIES,
VERIFICATION**

TO THE PRESIDING JUDGE AND ASSOCIATE JUDGES

OF THE MARIN COUNTY SUPERIOR COURT

.. Petitioner **MICHAEL ANTHONY ARRON Sr.** hereby request that
this court grant a habeas corpus relief , and in support of
such request alleges the following.

1. Petitioner is restrained of his liberty at San Quentin

State Prison under prisoner number C-80246

2. The restraint is based on his convictions in Los Angeles

County Superior Court .

3. Petitioner suffers from a seriuos medical problem based

on his mobility impairment  and Correctional authorities have

defaulted on the provisions of adequate medical care and treatment

for his disabilty.

(1)

4. Petitioner has exhausted all of his administrative remedies regarding the institutional appeals system, i.e. appelaed to the Director of Corrections.

5. Petitioner continues to suffer from the conditions complained of in is original inmate appeal attached and served herewith.

6. Petitioner contends that at all times mentioned herein he has been and continues to be denied adequate foot care treatment based on the respondents failure to allow him to purchase his medically needed shoes

7. Petitioner further contends that the respondent has denied him to be seen by a specialist or allow a magnetic resonance imaging (MRI), thus obstructing his adequate health care .

.

## MEMORANDUM OF POINTS AND AUTHORITIES

Petitioner submits the following memorandum of points and authorities in support of his request for habeas corpus relief.

### PETITIONER HAS BEEN DENIED ADEQUATE FOOT CARE TREATMENT

In the instant case the petitioner who has had foot surgery and continues to have severe pain and other disabling foot problems.

Thus , the petitioner has a serious medical problem
for which he is not receiving adequate medical care and treatment.
Prison officials have a constitionally mandated obligation to
provide adeqauet healthcare to prisoners See Estell vs Gamble (1976)
429 U.S. 97 (97 Sup Ct.285; 50 Led 2d 251., here by denying the
petitioner a second medical opinion based on the continued medical
condition sounds deliberate indifference to his serious medical
problems. San Quentin prison officials failure to providee adequate
medical care and treatment in view of the petitioner's continued
pain demonstrates deliberate indifference  See Duncan vs Duckworth
(7th Cir 1981) 644 F Supp. 653.


Here based on the petitioner contending that the health
care provided by Dr Griffin was inadequate gives rise to the argument
that Dr Griffins provisions of health care failed to rise  to the
degree of skill usual among  doctors of good standing in the community
and that his acts or omissions were the proximate  cause  of  the
continued constitutional injuxy suffered by the petitioner. See
**Witkin Summary  of California La(9th Ed 1988)Sec 744 et seq.**  Moreover
San Quentin Medical Officials  who have knowledge of the petitioner's
medical problems present a compelling and serious need for treat-
ment. See Johnson vs County of Los angeles (1983) 143Cal App.
3d 298 ( 191 Cal Rptr.704).


In this case the petitioner has no other adequate ,
plain and speedy relief save for this writ of habeas corpus.

## PRAYERE FOR RELIEF

Petitioner is without remedy  save for habeas corpus ,
Accordingly petitioner  request  that the Court:

1. Issue a writ of habeas corpus,

2. issue an Order to Show Cause,

3. Declare the rights of the parties,

4. Order Respondents to provide the petitioner the relief he

has requested in his administrative appeals ,

5. Appoint counsel or award reasonable attorneys' fees and

6. Grant any and all other relief found necessary  or appropriate

Dated October _____, 2007

Michael Anthony Arron
Petitioner.

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR
ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| MCSP SP | 09-946 | 18-ADA |

*NOTE:*   THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered
under the Americans With Disabilities Act.*

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| Michael Anthony Addison Sr. | C-80246 | supply clerk And Lead-man NIB | split-shift | 2.N.95 Lower |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

The mobility of my right foot is limited, I can't walk on it for to long or stand on it, my big toe and side of foot is numb.

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

My verification is that when I have had surgery on my right foot on May 31st 2006 up til today 3-7-07 my right bigtoe is still numb and giving me real bad pain along with my foot. The mobility of my foot keeping me from standing on it to long and walking. If I step on a rock or bump it it's severe pain. That's my verification.

DESCRIBE THE PROBLEM:

My problem is that my right foot is in very very bad pain. The doctor Dr. Griffith tells me that it's ok but, it's not ok of course he would say that because he done the surgery. Now they are telling me that I have to wear a State boot I can't wear a State boot my foot would really be hurting. I don't have to much pain with tennis shoes on.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED?

Once again I'm requesting for a specialist other than the doctor who operated on my foot. To examine my foot and also get a MRI on it. So I can know what's causing the real bad pain in my right foot.

_____
INMATE/PAROLEE'S SIGNATURE

3-7-07
DATE SIGNED

MAR 0 7 REC'D

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days) Date assigned: _____ Due Date: _____

Interviewed by: _____

# Bypass

Staff Signature: _____     Title: _____     Date Completed: _____

Division Head Approved: _____     Returned _____

Signature: _____     Title: _____     Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

I didn't go to the foot doctor on 4-4-07" Further-more my ADA form was denied, I'm still in pain, and my issue was not put on the Discussion of Findings; I can not wear state boots thats why I had surgery on both foot is because of the state boots. All I'm asking for is that my Medical needs be met and not making my foot worser than it is!

Signature: Michael ___ ___     C-80246   APR 1 0 REC'D  Submitted: 4-8-07"

Second Level    ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____   APR 1 0 REC'D

G. REVIEWER'S ACTION (Complete within 10 working days) Date assigned: APR 1 0 2007   Due Date: APR 2 4 2007

☒ See Attached Letter                                                              JUL 1 3 2007

Signature: ___ SAW II  7/11/7___     Date Completed: _____

Warden/Superintendent Signature: _____  7/12/___ JUL 1 3 REC'D  Date returned to inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

I'm dissatisfied because my foot is still giving me problem's and yes state boots is what caused the problem's before the surgery, on both foot. And my big toe is still numb, and really tender and sore. I was told that if I didn't have "Tennie shoes can be wore on visits'" I had to wear state boots and putting on state boots is hard for me walking and it's causing more damage. Dr. — Griffith, want you to believe his operations went well, but I'm here to tell you it didn't and so is the other 3 guy's that had it same type I did. Your help in this matter would be greatly appreciated!!,

Signature: Michael ___ ___     C-80246     Date Submitted: 7-30-07"

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____
☐ See Attached Letter
CDC 602 (12/87)                                                    Date: SEP 2 9 2007

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   SEP 2 9 2007

In re:   Michael Aaron, C80246
California State Prison, San Quentin
San Quentin, CA 94964

IAB Case No.: 0703587          Local Log No.: SQ-07-00946

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner B. Sullivan, Staff Services Manager I. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that the mobility of his right foot is limited and he cannot walk for too long or his big toe and the side of his foot become numb. He says he has much pain in his foot but Dr. Griffith, Podiatrist, tells him his foot is OK. The appellant believes that since Dr. Griffith performed the surgery on his foot, that he will tell the appellant his foot is OK even when it is not. The appellant states that he cannot wear State boots and asks for a specialist, other than the doctor who operated on his foot, to examine his foot and take a magnetic resonance imaging (MRI) of the foot.

**II    SECOND LEVEL'S DECISION:** The reviewer found that the appellant was interviewed by Registered Nurse Oliver on March 30, 2007. She noted the appellant was wearing soft tennis shoes and he stated they were fine. Dr. Griffith saw the appellant on April 25, 2007, and he noted the appellant was requesting personal shoes to wear for visits as he cannot wear State boots. The appellant says that the State boots hurt his feet. Dr. Griffith noted that the appellant's request for personal shoes is denied. Dr. Griffith was then contacted on July 11, 2007, and he recommended the appellant be seen by his primary care physician (PCP) at San Quentin State Prison (SQ) who will determine if a referral to an orthopedist is medically indicated. A request has been submitted to have the appellant seen by his PCP. The appellant's request for an MRI will be determined after he has been assessed.

The appellant is encouraged to use the sick call process by completing a CDC Form 7362, Health Care Services Request to request an appointment with a clinician to address his concerns. These forms are available from medical staff and are in the housing units. If the appellant is not satisfied with the medical care he is provided at SQ, he is encouraged to utilize the inmate appeals process which is described in the California Code of Regulations, Section (CCR). This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare. The appeal is denied at the Second Level of Review.

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

A. **FINDINGS:** At the Director's Level of Review, the appellant says that his feet still hurt and that it was State boots that caused the problems with his feet. The appellant is wanting a chrono that says "Tennis shoes can be worn on visits," because he is told if he does not have that chrono he must wear State boots to visiting.

The appellant has been medically examined regarding his feet and a chrono for personal shoes has not been approved. While the appellant might disagree with the medical opinions of the doctors and specialists at SQ who have examined him and reviewed his Unit Health Record, he must realize that he cannot dictate what type of footwear he should be provided. The institution shall only provide medical services for inmates which are based on medical necessity and supported by outcome data as effective medical care. The appellant is advised that each practitioner determines, at the time of treatment, the extent of treatment for the health care problem. The appellant has not provided a compelling argument to warrant modification of the decision reached by the institution.

MICHAEL AARON, C80246
CASE NO. 0703587
PAGE 2

**B. BASIS FOR THE DECISION:**
Armstrong Remedial Plan: ARPI, ARPII.A, ARPII.F
California Code of Regulations, Title 15, Section: 3350, 3354

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SQ
       Health Care Manager, SQ
       Appeals Coordinator, SQ
       Medical Appeals Analyst, SQ

State of California                                    Department of Corrections and Rehabilitation

# Memorandum

Date:    July 11, 2007

To:    **AARON, C80246**

From:    San Quentin State Prison (SQ)

Subject: SECOND LEVEL APPEAL RESPONSE
LOG NO. CSQ-3-07-00946

### ISSUE:

You state that your right foot is causing pain and Dr. Griffith tells you that it is ok, but you add that it is not ok. You also state that you are being told that you have to wear a State boot and you state you cannot wear a State boot, since that would cause more pain.

You request to see a specialist other than the doctor who operated on your foot. In addition, you wish to have a magnetic resonance imaging (MRI) of your foot.

INTERVIEWED BY: C. Oliver, Registered Nurse. on March 30, 2007

Your Unit Health Record (UHR) and all submitted documentation and supporting information has been considered, including the interview at the First Level of Review (FLR).

*Your appeal was denied at the FLR and the response at the FLR is as follows:*

*"I spoke with you on 3/30/07 regarding your ADA request. A request for another podiatrist aside from Dr. Griffith. You stated that your toe is numb/painful you stated that you had mentioned it to your physician on 2/7/07. You also stated that you are taking Tylenol for pain and it gives you pain relief. I noted that you are wearing a soft tennis shoes. I ask you if they are alright and you said they are ok. I ask you who operated on your foot and you responded it is Dr. Griffith and he also did your other foot (left) and it is fine. I advised you that you can request for an outside provided however the cost associated with it. Transportation etc will be your responsibility. I also informed you that if you feel you need MRI, you can bring this issue with Dr. Griffith on your next podiatry appointment on 4/4/07.*

*Based on the above information your request is denied. Be advised that you have a podiatry appointment scheduled for 4/4/07. with Doctor Griffith."*

In requesting a Second Level Review you state, "I didn't go to the foot doctor on 4-4-07", further-more my ADA Form was denied. I'm still in pain, and my issue was not put on the discussion of findings; I can not wear state boots that's why I had surgery on both foot is because of the state boots. All I'm asking for is that my medical needs' be met and not making my foot worser than it is!"

San Quentin State Prison
Appeal CSQ-3-07-00946
Aaron, C80246
Page 2

## SECOND LEVEL RESPONSE:

You had an appointment with D. Griffith, Podiatrist, on April 25, 2007, who noted that you were requesting personal shoes to wear for visits and you state that State boots hurt your feet. Dr. Griffith also noted that your request for personal shoes is denied.

On July 11, 2007, Dr. Griffith was contacted, and recommended that you are seen by your primary care physician at SQ who will determine if a referral to an orthopedist is medically indicated. A request has been submitted to have you seen by your primary care physician (PCP) within the next week. Your request for a MRI of the foot will be determined after you have been assessed.

You are encouraged to use the sick call process by completing a Request for Health Services (CDC 7362) to request an appointment with a clinician to address your concerns. These forms are available from medical staff and are in the housing units. If you are not satisfied with the medical care you are provided at California State Prison – San Quentin, you are encouraged to utilize the inmate appeals process, which is described in the California Code of Regulations, Title 15. This process is an integral part of the administrative remedies available for the inmates to resolve issues concerning any departmental decision, action, condition, or policy that they can demonstrate has had an adverse effect upon their welfare.

**DECISION:** For the reasons cited above, your appeal is denied in that a decision concerning your request cannot be decided at this time. A referral has been submitted to your PCP who will determine whether a specialty appointment is necessary. In addition, the decision concerning your request for an MRI may occur if a specialist recommends it.

You are advised that this issue may be submitted for a Director's Level of Review if desired.

R. KANAN, M.D.
Chief Medical Officer (A)
San Quentin State Prison

RK:pv

cc: Appeal File
    Central File

**REGULATIONS:** The rules governing this issue are:

### Armstrong v. Wilson Court Ordered Remedial Plan Section (ARP) I. POLICY

It is the policy of the California Department of Corrections (CDC) to provide access to its programs and services to inmates and parolees with disabilities, with or without reasonable accommodation, consistent with legitimate penological interests. No qualified inmate or parolee with a disability as defined in Title 42 of the United States Code, Section 12102 shall, because of that disability, be excluded from participation in or denied the benefits of services, programs, or activities of the Department

San Quentin State Prison
Appeal CSQ-3-07-00946
Aaron, C80246
Page 3

or be subjected to discrimination.   All institutions/facilities housing
inmates with disabilities will ensure that housing and programming are
reasonable and appropriate in a manner consistent with their mission and
Department policy.

### ARP I.A. Scope

The Disability Placement Program (DPP) is the Department's set
of plans, policies, and procedures to assure nondiscrimination against
inmates/parolees with disabilities.   The DPP applies to all of the
Department's institutions/facilities, all programs that the Department
provides or operates, and to all inmates who have disabilities that affect a
major life activity whether or not the disabilities impact placement.

Although the program covers all inmates/parolees with disabilities,
whether or not they require special placement or other accommodation, it
is facilitated in part through "clustering" or designating accessible sites
(designated facilities) for qualified inmates requiring special placement.
Inmates with permanent mobility, hearing, vision, and speech
impairments, or other disability or compound conditions severe enough to
require special housing and programming, will be assigned to special
placement in a designated DPP facility.   Inmates with a permanent
impairment of lesser severity, learning disability, or a kidney disability,
may be assigned to any of the Department's institutions/facilities
(designated DPP institutions or nondesignated DPP institutions) consistent
with existing case factors.

### California Code of Regulations, Title 15, Section (CCR) 3350. Provision of Medical Care and Definitions.

(a) The department shall only provide medical services for inmates
which are based on medical necessity and supported by outcome data as
effective medical care. In the absence of available outcome data for a
specific case, treatment will be based on the judgment of the physician that
the treatment is considered effective for the purpose intended and is
supported by diagnostic information and consultations with appropriate
specialists. Treatments for conditions which might otherwise be excluded
may be allowed pursuant to section 3350.1(d).

(b) For the purposes of this article, the following definitions apply:

(1) Medically Necessary means health care services that are
determined by the attending physician to be reasonable and necessary to
protect life, prevent significant illness or disability, or alleviate severe
pain, and are supported by health outcome data as being effective medical
care.

### CCR 3354. Health Care Responsibilities and Limitations.

(a) Authorized Staff. Only facility-employed health care staff,
contractors paid to perform health services for the facility, or persons
employed as health care consultants shall be permitted, within the scope of
their licensure, to diagnose illness or, prescribe medication and health care
treatment for inmates. No other personnel or inmates may do so.

VERIFICATION


I, _____ MICHAEL ANTHONY ABRON _____, declare as

as follows:
                     [print or type your name]

I am the petitioner in this action.  I have read the

foregoing petition, and I declare that the facts stated in the

petition are true of my own knowledge.

I declare under penalty of perjury that the foregoing

is true and correct.  Executed on _____ October 16, 2007 _____,

                                          [month and day]

_____, at __ SAN QUENTIN STATE PRISON _____, California.

                   [city]



                                    _____
                                              [signature]

# DECLARATION OF SERVICE BY MAIL

I, __DARRYL LEE GOLDSTEIN__ , the undersigned, declare:
    Printed Name of Declarant

I am over the age of 18 years, a citizen of the United States of America, and am not a party to the cause within. My residence address is:

CDC No.__p-79097__    Housing __1North 001 Lower__

San Quentin State Prison

San Quentin, CA 94974

On __October 16, 2007__ , I served the following document(s):
    Month/Day        Year

__PETITION FOR WRIT OF HABEAS CORPUS__

on the parties and at the addresses described below by placing the pleadings in a sealed envelope, with postage fully prepaid, and presented said item(s) to Corrections Department staff for mailing in the United States Mail as per the rules and regulations governing outgoing legal mail at San Quentin State Prison.

CLERK OF THE COURT
SUPERIOR COURT OF CALIFORNIA

STATE OF CALIFORNIA

COUNTY OF MARIN

3501 Civic Center  Drive
San Rafael, Ca 94903

I swear under penalty of perjury that the foregoing is true of my own personal knowledge. Executed on this 16 day of __October 2007__ , _____ , at San Quentin, CA, County of Marin.

_____
    Signature of declarant

Name **MICHAEL ANTHONY ARRON , Sr.**

Address **CSP, SAN QUENTIN**

**SAN QUENTIN, CA 94964**

CDC or ID Number **C-80246**

**ORIGINAL** MC-275

**FILED**

OCT 19 2007

**KIM TURNER**
Court Executive Officer
**MARIN COUNTY SUPERIOR COURT**
*By: C. Tai, Deputy*

SUPERIOR COURT STATE OF CALIFORNIA

COUNTY OF MARIN
(Court)

PETITION FOR WRIT OF HABEAS CORPUS

**MICHAEL ANTHONY ARRON, Sr.**
Petitioner

vs.

**ROBERT L. AYERS ,jr. Warden**

Respondent

No. SO 156130 A

*(To be supplied by the Clerk of the Court)*

## INSTRUCTIONS—READ CAREFULLY

- **If you are challenging an order of commitment or a criminal conviction and are filing this petition in the Superior Court, you should file it in the county that made the order.**

- **If you are challenging the conditions of your confinement and are filing this petition in the Superior Court, you should file it in the county in which you are confined.**

- Read the entire form *before* answering any questions.

- This petition must be clearly handwritten in ink or typed. You should exercise care to make sure all answers are true and correct. Because the petition includes a verification, the making of a statement that you know is false may result in a conviction for perjury.

- Answer all applicable questions in the proper spaces. If you need additional space, add an extra page and indicate that your answer is "continued on additional page."

- If you are filing this petition in the Superior Court, you need file only the original unless local rules require additional copies. Many courts require more copies.

- If you are filing this petition in the Court of Appeal, file the original and four copies of the petition and, if separately bound, one copy of any supporting documents.

- If you are filing this petition in the California Supreme Court, file the original and ten copies of the petition and, if separately bound, two copies of any supporting documents.

- Notify the Clerk of the Court in writing if you change your address after filing your petition.

- In most cases, the law requires service of a copy of the petition on the district attorney, city attorney, or city prosecutor. See Penal Code section 1475 and Government Code section 72193. You may serve the copy by mail.

Approved by the Judicial Council of California for use under Rule 60 of the California Rules of Court [as amended effective January 1, 2005]. Subsequent amendments to Rule 60 may change the number of copies to be furnished to the Supreme Court and Court of Appeal.

Page one of six

Form Approved by the
Judicial Council of California
MC-275 [Rev. July 1, 2005]

**PETITION FOR WRIT OF HABEAS CORPUS**

Penal Code, § 1475 et seq.;
Cal. Rules of Court, rule 60(a)

American LegalNet, Inc.
www.USCourtForms.com

This petition concerns:

- [ ] A conviction
- [ ] A sentence
- [x] Jail or prison conditions
- [ ] Parole
- [ ] Credits
- [ ] Prison discipline
- [ ] Other (specify): __DENIAL OF ADEQAUTE MEDICAL CARE AND TREATMENT__

1. Your name: __MICHAEL ANTHONY ARRON,Jr.__

2. Where are you incarcerated? __San Quentin State Prison__

3. Why are you in custody?  [x] Criminal Conviction  [ ] Civil Commitment

    *Answer subdivisions a. through i. to the best of your ability.*

    a. State reason for civil commitment or, if criminal conviction, state nature of offense and enhancements (for example, "robbery with use of a deadly weapon").

    __N/A__

    b. Penal or other code sections: __California penal Code Sections 187 , 207__

    c. Name and location of sentencing or committing court: __SUPERIOR COURT STATE OF CALIFORNIA__
    __COUNTY OF ALAMEDA  1225 Fallon Street Oakland ca 94612__

    d. Case number: __unknown__

    e. Date convicted or committed: __November 4, 1983__

    f. Date sentenced: __January 1, 1984__

    g. Length of sentence: __25 years to life plus 10 years__

    h. When do you expect to be released? __TO BE DETERMINED BY THE BOARD OF PAROLE HEARINGS__

    i. Were you represented by counsel in the trial court?  [x] Yes.  [ ] No. If yes, state the attorney's name and address:

    ROBERT BRAVERMAN

4. What was the LAST plea you entered? *(check one)*

    [x] Not guilty  [ ] Guilty  [ ] Nolo Contendere  [ ] Other: _____

5. If you pleaded not guilty, what kind of trial did you have?

    [x] Jury  [ ] Judge without a jury  [ ] Submitted on transcript  [ ] Awaiting trial

6. GROUNDS FOR RELIEF

**Ground 1:** State briefly the ground on which you base your claim for relief. For example, "the trial court imposed an illegal enhancement." *(if you have additional grounds for relief, use a separate page for each ground. State ground 2 on page four. For additional grounds, make copies of page four and number the additional grounds in order.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

a. Supporting facts:

Tell your story briefly without citing cases or law. If you are challenging the legality of your conviction, describe the facts upon which your conviction is based. *If necessary, attach additional pages.* CAUTION: You must state facts, not conclusions. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do and how that affected your trial. Failure to allege sufficient facts will result in the denial of your petition. (See *In re Swain* (1949) 34 Cal.2d 300, 304.) A rule of thumb to follow is: *who* did exactly *what* to violate your rights at what time *(when)* or place *(where)*. *(If available, attach declarations, relevant records, transcripts, or other documents supporting your claim.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

b. Supporting cases, rules, or other authority (optional):

*(Briefly discuss, or list by name and citation, the cases or other authorities that you think are relevant to your claim. If necessary, attach an extra page.)*

PLEASE SEE THE ATTACHED MEMORANDUM OF POINTS AND AUTHORITIES

1

2

FILED

OCT 2 4 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy, Deputy

3

4

5

6

7

8

SUPERIOR COURT OF CALIFORNIA

9

COUNTY OF MARIN

10 | In re MICHAEL ANTHONY AARON, SR.,    )
    )    Case No.  SC 156130 A
11 |         Petitioner,    )
    )    **ORDER DENYING PETITION FOR**
12 |    )    **WRIT OF HABEAS CORPUS**
    )
13 | _____

14    Petitioner is an inmate at San Quentin State Prison.  He claims in his Petition that he has

15 | been denied adequate medical care and treatment by the authorities at San Quentin.

16    The issue of medical care in the Department of Corrections in the State of California is

17 | currently under the jurisdiction of the federal court.  This Court, at this time, lacks jurisdiction to

18 | consider Petitioner's request for habeas corpus relief.  The Petition is therefore denied.

19 | Dated:  October 24, 2007

20

JUDGE OF THE SUPERIOR COURT

21

22

23

24

25

26

27

28

STATE OF CALIFORNIA  )
COUNTY OF MARIN      )

IN RE:  **MICHAEL ANTHONY AARON**

ACTION NO.:  **SC156130A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE

AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-

ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF

JUSTICE, SAN RAFAEL, CA 94903.  ON **October 24, 2007** I SERVED THE WITHIN

***ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*** IN SAID

ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY

THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON

FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN

RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *MICHAEL ANTHONY AARON*<br>*CDC#: C-80246*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*DEPARTMENT OF JUSTICE*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102-7004* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF*
*THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:        10/24/07



IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

**FILED**

OCT - 2 2007

Court of Appeal - First App. Dist.
DIANA HERBERT
By_____
DEPUTY

In re DARRYL LEE GOLDSTEIN,

on Habeas Corpus.

A118925

(Marin County
Super. Ct. No. SC151759A)

BY THE COURT:

Petitioner, an inmate at San Quentin State Prison representing himself in propria persona, has filed this, his second, petition for writ of habeas corpus in a continuing attempt to obtain relief from the failure of custodial authorities to provide a therapeutic shoe required by his medical condition. Petitioner alleges he has a diabetes-related foot problem and is threatened with loss of his right foot if not provided a special shoe designed for him by a specialist at the request of his physician.

By way of background, on August 1, 2007, we issued an order to show cause returnable to the Marin County Superior Court directing it to take evidence and make a determination as to whether petitioner has been provided adequate footwear that is compatible with his medical condition, and if not, to order that such be provided. On August 14, 2007, the superior court appointed the Prison Law Office as counsel for petitioner and set a hearing for October 26, 2007.

On August 21, 2007, the Attorney General on behalf of the California Department of Corrections and Rehabilitation (CDCR) filed a request in the superior court to vacate the order to show cause on the ground that petitioner's medical care is controlled by a federally appointed receiver and not by CDCR. On August 22, 2007, the superior court vacated the order to show cause and denied the petition for writ of habeas corpus. Its order states: "Because the California Department of Corrections and Rehabilitation's

1

According to the Prison Law Office, paragraph 29 of the stipulated injunction was included because the focus of the *Plata* class action was on fixing the medical care *system* in CDCR. Given the approximate 170,000 class action members, it was not practicable, according to the Prison Law Office, for the class action to address their individual immediate needs, and that is why the avenues of state habeas corpus as well as civil rights actions were specifically left available to individual prisoners.

At our invitation, the Attorney General filed an informal response to the Prison Law Office's letter amicus brief and petitioner's new habeas petition. The Attorney General does not dispute the Prison Law Office's claim that the stipulated injunction in *Plata* allows individual actions in state courts. The Attorney General points out, however, that because control over the medical delivery component of CDCR has been taken from CDCR and given to the Receiver, the allowance by the injunction of such individual lawsuits by members of the plaintiff class in *Plata* is illusory, at least insofar as it purports to allow inmates to file state habeas corpus petitions alleging inadequate medical care. The Attorney General is correct.

The order of United States District Court Judge Thelton E. Henderson appointing the Receiver provides in pertinent part: "[T]he Receiver shall have the duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR." *(Plata v. Schwarzenegger,* No. C01-1351, Order Appointing Receiver (Feb. 14, 2006) at p. 2.) The order further states: "The Receiver shall exercise all powers vested by law in the Secretary of the CDCR as they relate to the administration, control, management, operation, and financing of the California prison medical health care system. The Secretary's exercise of the above powers is suspended for the duration of the Receivership . . . ." *(Id.* at p. 4) The Receiver's appointment became effective April 17, 2006.

The Receiver's fourth bi-monthly report, submitted in March 2007, described at some length why he "took steps to assume direct management over all aspects of *Plata* related services, removing Peter Farber-Szekrenyl from all responsibility concerning

3

The petition for writ of corpus before us is denied on the ground that the only party that can provide the relief petitioner seeks, the federal Receiver, is neither a party to this proceeding nor subject to state judicial authority.

The Clerk is directed to serve copies of this Order also on United States District Court Judge Thelton E. Henderson, Federal Receiver Robert Sillen, and the Prison Law Office.

Date: _____ OCT - 2 2007 _____                    KLINE, P.J. _____ P.J.
                                                  J. Anthony Kline

1

2

FILED

OCT 2 4 2007

3

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: M. Murphy Deputy

4

5

6

7

8                    SUPERIOR COURT OF CALIFORNIA

9                         COUNTY OF MARIN

10   In re MICHAEL ANTHONY AARON, SR.,    )
                                          )  Case No. SC 156130 A
11          Petitioner,                   )
                                          )  **ORDER DENYING PETITION FOR**
12                                        )  **WRIT OF HABEAS CORPUS**
                                          )
13   ─────────────────────────────────────

14          Petitioner is an inmate at San Quentin State Prison. He claims in his Petition that he has

15   been denied adequate medical care and treatment by the authorities at San Quentin.

16          The issue of medical care in the Department of Corrections in the State of California is

17   currently under the jurisdiction of the federal court. This Court, at this time, lacks jurisdiction to

18   consider Petitioner's request for habeas corpus relief. The Petition is therefore denied.

19   Dated:  October 24, 2007

20                                    _____
                                     JUDGE OF THE SUPERIOR COURT
21

22

23

24

25

26

27

28

────────────────────────────────────────────────

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS – PAGE 1

STATE OF CALIFORNIA )
COUNTY OF MARIN          )

IN RE: **MICHAEL ANTHONY AARON**

ACTION NO.: **SC156130A**

(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903.  ON **October 24, 2007** I SERVED THE WITHIN
***ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS*** IN SAID
ACTION TO ALL INTERESTED PARTIES, BY PLACING A TRUE COPY
THEREOF ENCLOSED IN A SEALED ENVELOPE WITH POSTAGE THEREON
FULLY PREPAID, IN THE UNITED STATES POST OFFICE MAIL BOX AT SAN
RAFAEL, CA ADDRESSED AS FOLLOWS:

| | |
|---|---|
| *MICHAEL ANTHONY AARON*<br>*CDC#: C-80246*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* | *WARDEN*<br>*SAN QUENTIN STATE PRISON*<br>*SAN QUENTIN, CA 94974* |
| *ATTORNEY GENERAL*<br>*DEPARTMENT OF JUSTICE*<br>*ATTN: ANYA BINSACCA*<br>*CORRECTIONAL LAW SECTION*<br>*455 GOLDEN GATE AVENUE*<br>*12TH FLOOR*<br>*SAN FRANCISCO, CA 94102-7004* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF*
*THE STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE:     10/24/07

Case Number: SD156130A

# CERTIFICATE OF FUNDS

## IN

## PRISONER'S ACCOUNT

I certify that attached hereto is a true and correct copy of the prisoner's trust account statement

showing transactions of ___**MICHAEL ANTHONY AARON**___ for the last six months at

[prisoner name]

___**SAN QUENTIN STATE PRISON**___  C80246___ where (s)he is confined.

[name of institution]

I further certify that the average deposits each month to this prisoner's account for the most recent 6-

month period were $___56 00___ and the average balance in the prisoner's account each month for

the most recent 6-month period was $___11.20___.

Dated: 11-21-07          _Larry Ward, Sr. Acct. Officer_

                         Authorized officer of the institution



MICHAEL ANTHONY AARON SR.
CDCR # C-80246
CSP, San Quentin
San Quentin, Ca 94964

NOVTH BAY CA 949

NOV 30

CLERK OF THE COURT
U.S. DIST COURT
NO. DISTRICT OF CA.
450 Golden Gate Ave.
S.F. Ca. 94102

RECEIVED
DEC - 3 2007