NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| MICHAEL ANTHONY AARON, JR., | ) | No. C 07-6183 JF (PR) |
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| ROBERT SILLEN, et al., | ) | |
| Respondents. | ) | (Docket No. 2) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In the petition, Petitioner alleges a claim of inadequate medical care at San Quentin State Prison, where he is currently incarcerated.

The Supreme Court has declined to address whether a challenge to a condition of confinement may be brought under habeas. See Bell v. Wolfish, 441 U.S. 520, 526 n.6 (1979); Fierro v. Gomez, 77 F.3d 301, 304 n.2 (9th Cir.), vacated on other grounds, 519 U.S. 918 (1996). However, the Ninth Circuit has held that "habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence." Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) (implying that claim, which if successful would "necessarily" or "likely" accelerate the prisoner's release on parole, must be brought in a habeas petition).

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Aaron183disrem

1 The preferred practice in the Ninth Circuit has been that challenges to conditions of
2 confinement should be brought in a civil rights complaint.  See Badea v. Cox, 931 F.2d
3 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of
4 confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming
5 dismissal of habeas petition on basis that challenges to terms and conditions of
6 confinement must be brought in civil rights complaint).
7       Accordingly, the Court will dismiss this habeas action because Petitioner's claims
8 do not challenge the legality of his conviction or sentence.  Instead, Petitioner challenges
9 his medical care and treatment at San Quentin State Prison.  Petitioner's claims are more
10 appropriately addressed in a civil rights complaint pursuant to 42 U.S.C. §1983.

**CONCLUSION**

12     The petition for writ of habeas corpus is DISMISSED without prejudice.
13 Petitioner may re-file his claims in a new action under a civil rights complaint pursuant to
14 42 U.S.C. §1983 on the enclosed form.  Petitioner shall include supporting documentation
15 of his prison appeal with his new complaint as the instant case will be closed.  Petitioner's
16 motion to proceed in forma pauperis (docket no. 2) is DENIED as moot.  The Clerk shall
17 terminate any pending motions and close the file.
18     IT IS SO ORDERED.
19 DATED: 12/12/07

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Aaron183disrem

1  A copy of this ruling was mailed to the following:

2

3  Michael Anthony Aaron, Jr.
C-80246
San Quentin State Prison
4  San Quentin, CA 94964

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Dismissal
P:\pro-se\sj.jf\hc.07\Aaron183disrem